UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------
TERRY MIDDLETON,

                       Petitioner,

                v.                                            9:07-CV-386
                                                                 (LEK/DRH)

DEBORAH SCHULT,

                       Respondent.
------------------------------------------------------------------------
APPEARANCES

TERRY MIDDLETON
09044-017
Petitioner *pro se*

LAWRENCE E. KAHN, U.S. DISTRICT JUDGE

## **DECISION AND ORDER**

      By Order dated May 1, 2007 this Court dismissed the Petition filed by Terry Middleton that sought to challenge a sentence imposed in the United States District Court for the Northern District of Florida. May Order (Dkt. No. 3). Presently before the Court is a Motion to reconsider the May Order. Motion to Reconsider (Dkt. No. 5).

      A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. Delaney v. Selsky, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing Doe v. New York City Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir.), cert. denied, 464 U.S. 864 (1983)).

      In support of his Motion for reconsideration, Petitioner claims that the Court was in error when it found that the "savings clause" did not permit him to bring what would be his third §2255 motion to attack his sentence. Petitioner, relying on United States v.

Richardson, 166 F.3d 1362 (11th Cir. 1999), asserts that this Court has jurisdiction to hear and grant his Petition.

Petitioner does not point to any new rule of constitutional law recognized by the Supreme Court that was made retroactively applicable to cases on collateral review, as is required by 28 U.S.C. §2255, that might have merited reconsideration of the May Order. Rather, he points to Richardson, supra., which is case law from the United States Court of Appeals for the Eleventh Circuit and was established as of February 11, 1999.  In its decision dated December 23, 2005, the Eleventh Circuit addressed this same argument in Petitioner's second application to file a second or successive Motion pursuant to 28 U.S.C. §2255.  United States v. Middleton, 4:89-CR-4011, Dkt. No. 142.  The Eleventh Circuit held that Richardson "does not constitute a new rule of law within the meaning of the statute because it was not decided by the U.S. Supreme Court."  Id. at 2.  Thus, Petitioner is well aware that his legal argument is without basis or merit.

Because Petitioner has not established any of the above-cited factors relative to his Motion for reconsideration, his Motion is denied.

WHEREFORE, in light of the above, it is hereby

**ORDERED**, that Petitioner's Motion for reconsideration (Dkt. No. 5) is **DENIED**, and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the Petitioner, and it is further

**ORDERED**, that a Certificate of Appealability is **DENIED** in this action.

**IT IS SO ORDERED.**

DATED:    June 13, 2007
          Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge